Slip Op. 16 - 22

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CHANGZHOU TRINA SOLAR ENERGY CO., LTD. and TRINA SOLAR (CHANGZHOU) SCIENCE & TECHNOLOGY CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Donald C. Pogue, Senior Judge <br><br> Consol. Court No. 15-00068[1] |

OPINION

[denying motion to file brief as *amicus curiae*]

Dated: March 14, 2016

  Joanne E. Osendarp, Matthew R. Nicely, Lynn G. Kamarck, and Alan G. Kashdan, Hughes, Hubbard & Reed, LLP, of Washington, DC, for the Government of Canada.

  Matthew J. Clark, Nancy A. Noonan, and Julia L. Diaz, Arent Fox LLP, of Washington, DC, for the Government of Québec.

  Lawrence A. Schneider, Michael T. Shor, and Andrew Treaster, Arnold & Porter LLP, of Washington, DC, for the Government of Alberta.

  Spencer Griffith and Bernd G. Janzen, Akin Gump Strauss Hauer & Feld LLP, of Washington, DC, for the Government of British Columbia.

  Michele Sherman Davenport, Davenport & James PLLC, of Washington, DC, for the Government of Manitoba and the Government of Saskatchewan.

---

[1] This action is consolidated with SolarWorld Americas, Inc. v. United States, Ct. No. 15-00085. Order, July 1, 2015, ECF No. 35, at ¶ 3.

Donald B. Cameron, Jr., Julie C. Mendoza, and Brady W. Mills, Morris, Manning & Martin, LLP, of Washington, DC, for the Government of New Brunswick.

Robert C. Cassidy, Jr., Jack A. Levy, Christopher Kent, Christopher J. Cochlin, and Thomas M. Beline, Cassidy Levy Kent LLP, of Washington, DC, for the Government of Nova Scotia.

Mark S. McConnell, H. Deen Kaplan, Deborah M. Wei, and Mary Van Houten, Hogan Lovells LLP, of Washington, DC, for the Government of Ontario.

Melissa M. Devine, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for the Defendant. Also on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel was Shelby M. Anderson, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

**Pogue, Senior Judge:** This consolidated action arises from the United States Department of Commerce's ("Commerce") countervailing duty ("CVD") investigation of certain crystalline silicon photovoltaic products ("solar panels") from the People's Republic of China ("China").[2] Before the court is a motion by the Government of Canada and the Governments of Québec, Alberta, British Columbia, Manitoba, New Brunswick, Nova Scotia, Ontario, and Saskatchewan (hereinafter collectively referred to as the "Canadian Governments") to jointly submit a brief in this matter

---

[2] See Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China, 79 Fed. Reg. 76,962 (Dep't Commerce Dec. 23, 2014) (final affirmative countervailing duty determination), as amended by 80 Fed. Reg. 8592 (Dep't Commerce Feb. 18, 2015) (antidumping duty order; and amended final affirmative countervailing duty determination and countervailing duty order).

as *amicus curiae*, pursuant to USCIT Rule 76.[3]  Defendant United States opposes this motion.[4]

The court has jurisdiction pursuant to Section 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i) (2012),[5] and 28 U.S.C. § 1581(c) (2012).

As explained below, because the Canadian Governments' proposed contribution does not seek to provide impartial information on a matter of law about which there is doubt, but instead seeks to advance advocacy interests that are already adequately represented, the motion is denied.

**STANDARD OF REVIEW**

USCIT Rule 76 provides that "[t]he filing of a brief by an *amicus curiae* may be allowed on motion made as prescribed by Rule 7, or at the request of the court."[6]  Rule 76 also provides that the movants must "identify [their] interest" and

---

[3] Partial Consent Mot. of the [Canadian Governments] for Leave to Appear [as] *Amici Curiae*, ECF No. 48 ("Canadian Gov'ts' Br.").

[4] Def.'s Opp'n to Canada's & Canadian Provincial Gov'ts' Mot. for Leave to File Br. as *Amicus Curiae*, ECF No. 62.

[5] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

[6] USCIT Rule 76.  USCIT Rule 7 in turn requires that the motion be in writing and that it state with particularity the grounds for seeking to file the brief. See USCIT Rule 7(b)(1).

"state the reasons why an *amicus curiae* is desirable."[7]

*Amicus curiae*, of course, means "friend of the court,"[8] "as distinguished from an advocate before the court."[9] Historically, courts have accepted *amicus curiae* briefs that "provide *impartial* information on matters of law about which there was doubt, especially in matters of public interest."[10] Courts may be particularly inclined to permit *amicus* participation "if the court is concerned that one of the parties is not interested in or capable of fully presenting one side of the argument."[11] Thus traditionally "an *amicus curiae* is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to

---

[7] USCIT Rule 76. The grant or denial of such motions is "discretionary with the court." In re Opprecht, 868 F.2d 1264, 1266 (Fed. Cir. 1989); see also Changzhou Hawd Flooring Co. v. United States, __ CIT __, 6 F. Supp. 3d 1353, 1356 n.7 (2014) (providing additional citations).

[8] E.g., Changzhou Hawd, __ CIT at __, 6 F. Supp. 3d at 1356 n.8 (quoting Black's Law Dictionary 102 (10th ed. 2014)).

[9] Alexander v. Hall, 64 F.R.D. 152, 155 (D.S.C. 1974) (citations omitted).

[10] United States v. Mich., 940 F.2d 143, 164 (6th Cir. 1991) (emphasis in original) (citations omitted); see also, e.g., Siam Food Prods. Pub. Co. v. United States, 22 CIT 826, 830, 24 F. Supp. 2d 276, 280 (1998).

[11] Am. Satellite Co. v. United States, 22 Cl. Ct. 547, 549 (1991) (citations omitted).

advocate a point of view so that a cause may be won by one party or another."[12]  In contrast to such legal advice, arguments against specific determinations made by Commerce in the context of particular CVD proceedings may and must generally be presented to the agency in the first instance, through participation in the adversarial administrative process below.[13]

---

[12] Leigh v. Engle, 535 F. Supp. 418, 420 (N.D. Ill. 1982) (citations omitted); see also, e.g., Ass'n of Am. Sch. Paper Suppliers v. United States, 34 CIT 207, 209-10, 683 F. Supp. 2d 1326, 1329 (2010).

[13] See, e.g., Ad Hoc Shrimp Trade Action Comm. v. United States, 33 CIT 1906, 1918-19, 675 F. Supp. 2d 1287, 1300 (2009) ("If a party does not exhaust available administrative remedies, 'judicial review of administrative action is inappropriate.' . . . 'In the antidumping [and countervailing duty] context, Congress has prescribed a clear, step-by-step process for a claimant to follow, and the failure to do so precludes it from obtaining review of that issue in the Court of International Trade.'") (quoting Sharp Corp. v. United States, 837 F.2d 1058, 1062 (Fed. Cir. 1988) and JCM, Ltd. v. United States, 210 F.3d 1357, 1359 (Fed. Cir. 2000) (citations omitted), respectively). Here the relevant statute specifically contemplates the participation of foreign government trading partners in domestic administrative proceedings, see 19 U.S.C. § 1677(9)(B) (defining "interested party" to include foreign governments of countries in which the subject merchandise is produced or from which it is exported); see also id. at § 1671a(b)(4)(A)(i) (providing that Commerce must notify the government of any exporting country named in a CVD petition); id. at § 1671b(f) (requiring Commerce to notify all interested parties of the agency's preliminary CVD determinations before they are finalized, including all "facts and conclusions on which its determination is based"); 19 C.F.R. § 351.309 (2014) (providing for the submission of written arguments to Commerce from interested parties), and such participants are generally required to exhaust their available administrative remedies before being heard in this Court, see 28 U.S.C. § 2637(d); Nat'l Knitwear & Sportswear Ass'n v. United States, 15 CIT 548, 557, 779 F. Supp. 1364, 1372 (1991)

(footnote continued)

While it is no longer required that an *amicus curiae* be totally disinterested in the outcome of the litigation[14] – indeed, "it is not easy to envisage an *amicus* who is 'disinterested' but still has an 'interest' in the case"[15] – where a purported *amicus* is in fact an interested party that could and should have presented its arguments to Commerce in the first instance at the administrative level, permitting such arguments to effectively circumvent the administrative participatory requirements "deprives [Commerce] of an opportunity to consider the matter, make its ruling, and state the reasons for its action,"[16] and is therefore not appropriate.[17]

---

("[T]he courts require exhaustion of administrative remedies to ensure that the agency and the interested parties fully develop the facts to aid judicial review.") (citation omitted).

[14] See Mich., 940 F.2d at 165 ("Over the years, however, some courts have departed from the orthodoxy of *amicus curiae* as an impartial friend of the court and have recognized a *very limited* adversary support of given issues through brief and/or oral argument.") (emphasis in original) (citations omitted).

[15] Neonatology Assocs. P.A. v. Comm'r of Internal Revenue, 293 F.3d 128, 131 (3d Cir. 2002); cf. USCIT Rule 76 (requiring a movant seeking to file an *amicus curiae* brief to "identify the interest of the applicant").

[16] Unemployment Comp. Comm'n of Alaska v. Aragon, 329 U.S. 143, 155 (1946) ("The responsibility of applying the statutory provisions to the facts of the particular case was given in the first instance to the [administrative agency]. A reviewing court usurps the agency's function when it sets aside [an] administrative determination upon a ground not theretofore presented and deprives the [agency] of an opportunity to consider the matter, make its ruling, and state the reasons for its action.") (footnote and citations omitted).

Moreover, *amicus curiae* participation that merely duplicates the arguments of one or more of the represented parties is in any event not "desirable."[18]

## DISCUSSION

Here, the Canadian Governments identify their interest as advocating in support of the Plaintiffs' challenge to Commerce's determinations in this solar panels CVD proceeding.[19] Specifically, the Governments seek to secure a favorable precedent for Canadian companies facing similar issues in a separate CVD proceeding concerning supercalendered paper from Canada.[20] "Looking ahead, Canadian governments and companies are understandably concerned regarding how [Commerce] will treat [Canadian companies facing similar issues] in future

---

[17] Cf. Changzhou Hawd, __ CIT at __, 6 F. Supp. 3d at 1355 (denying motion to file *amicus* brief where the movant was "an interested party that [was] seeking, in effect, intervenor not *amicus* status").

[18] See USCIT Rule 76 (requiring movants to "state the reasons why an *amicus curiae* is desirable"); Changzhou Hawd, __ CIT at __, 6 F. Supp. 3d at 1357 ("The court will deny a motion to file an *amicus* brief that 'essentially duplicates' a litigant's brief.") (quoting Voices for Choices v. Ill. Bell Tel. Co., 339 F.3d 542, 545 (7th Cir. 2003)).

[19] Canadian Gov'ts' Br., ECF No. 48, at 1-2.

[20] See id. at 2 (explaining that the proposed *amici* are "principally interested" in supporting the Plaintiffs' arguments against a practice that Commerce applied in the Chinese solar panels proceeding at issue here, because Commerce used similar reasoning in the Canadian supercalendered paper proceeding).

countervailing duty investigations."[21]  The Canadian Governments contend that their *amicus curiae* brief is desirable here because it will "provide[] the Court [with] an opportunity to view [Commerce]'s [challenged] practice from the perspective of foreign governments whose unique interests will augment those represented by the private party litigants," and because "the resolution of this question will have a major impact on foreign governments and companies who will be respondents in future U.S. countervailing duty proceedings."[22]

In particular, the Canadian Governments refer to Commerce's treatment of a Canadian company – Resolute FP Canada Inc. ("Resolute") – in the Canadian supercalendered paper proceeding.[23]  This Court recently denied Resolute's own motion in this case to file an *amicus curiae* brief that sought to augment Plaintiffs' arguments against Commerce's determinations.[24]  Resolute argued that it should be heard in this case "because the Court's decision with respect to Plaintiffs' challenge . . . will have implications for Resolute and other respondents in Commerce's recent investigation of

---

[21] Id. at 3.

[22] Id. at 3.

[23] Id. at 2.

[24] Order, Feb. 8, 2016, ECF No. 61.

<u>Supercalendered Paper from Canada</u>, where Resolute was a mandatory respondent."[25] In denying Resolute's motion, the court explained that, "[b]ecause the movant does not 'provide impartial information on matters of law about which there [is] doubt, especially in matters of public interest,' and is instead a party seeking to advance its interest in another proceeding (upon which the decision in this case will have neither res judicata nor collateral estoppel nor even precedential effect), permitting their participation as amicus here would simply allow for the circumvention of administrative participation requirements."[26]

Specifically, Resolute's interest was ultimately to challenge Commerce's use of similar reasoning in the Canadian supercalendered paper proceeding.[27] But each CVD proceeding is based on its own unique record of factual evidence and arguments presented to the agency.[28] As an interested party to the

---

[25] Mot. for Leave to File *Amicus Curiae* Br. on Behalf of [Resolute], ECF No. 43 ("Resolute's Mot."), at 2.

[26] Order, Feb. 8, 2016, ECF No. 61 (quoting <u>Mich.</u>, 940 F.2d at 164) (additional citation omitted).

[27] <u>See</u> Resolute's Mot., ECF No. 43, at 2.

[28] <u>See, e.g.</u>, <u>NSK Ltd. v. United States</u>, 27 CIT 56, 95, 245 F. Supp. 2d 1335, 1367 (2003) (quoting Commerce explaining its "long-standing policy of treating [different antidumping/ countervailing duty] orders as separate proceedings" based on unique factual records) (quotation marks and citation omitted); <u>Clearon Corp. v. United States</u>, Slip Op. 14-88, 2014 WL 3643332,
(footnote continued)

Canadian supercalendered paper proceeding, Resolute must present its specific challenges to Commerce in the first instance, in the context of the particular CVD proceeding in which its interests are implicated – i.e., in the Canadian supercalendered paper proceeding. "A reviewing court usurps the agency's function when it sets aside [an] administrative determination upon a ground not theretofore presented and deprives the [agency] of an opportunity to consider the matter, make its ruling, and state the reasons for its action."[29]

        The situation is the same with respect to the Canadian Governments' motion here. As with Resolute, the Canadian

---

at *14 (CIT July 24, 2014) ("Although Commerce can and does take into consideration its policies and methodologies as expressed in different administrative case precedent when making its determination, it cannot take the factual information underlying those decisions into consideration unless those facts are properly on the record of the proceeding before it.") (citation omitted); cf. also Louis Dreyfus Citrus, Inc. v. United States, 31 CIT 964, 980, 495 F. Supp. 2d 1338, 1353 (2007) ("[O]nly documents and materials directly or indirectly considered by agency decision-makers become part of the administrative record [for a particular administrative proceeding].") (quotation marks and citation omitted).

[29] Aragon, 329 U.S. at 155 (footnote and citations omitted). See also, e.g., Melamine Chems., Inc. v. United States, 2 CIT 113, 116 (1981) (not reported in the Federal Supplement) (quoting S. Rep. No. 96-249, 96th Cong., 1st Sess. 251, 252 (1979) ("[The statute] . . . exclud[es] *de novo* review from consideration as a standard in antidumping and countervailing duty determinations[,] . . . [by] provid[ing] all parties with greater rights of participation at the administrative level and increased access to information upon which the decisions of [Commerce] . . . are based.")).

Governments' interest is to present a challenge to Commerce's determinations in this solar panels proceeding that reflects their concerns regarding what the agency did in the separate supercalendered paper proceeding, which addresses an order covering a different product from a different country, involving its own unique set of facts.[30]  Like Resolute, the Canadian Governments qualify as "interested parties" to that other proceeding,[31] and as such could and should present their specific challenges to Commerce's decisions in that proceeding directly to the agency, following the established procedure for participating at the administrative level, thereby permitting the agency to consider their arguments in the first instance in the context of the relevant factual record specific to that proceeding.  Thus, like Resolute, the Canadian Governments do not seek to "provide impartial information on matters of law about which there [is] doubt, especially in matters of public interest,"[32] but are instead effectively seeking to advance their interests in other proceedings.  Moreover, there is no

---

[30] Compare Resolute's Mot., ECF No. 43, at 2, with Canadian Gov'ts' Br., ECF No. 48, at 2.

[31] See 19 U.S.C. § 1677(9)(B) (defining "interested party" as, inter alia, "the government of a country in which [merchandise subject to a particular antidumping/countervailing duty proceeding] is produced or manufactured or from which such merchandise is exported").

[32] Mich., 940 F.2d at 164 (emphasis and citations omitted).

indication that the Plaintiffs in this case are unable or unwilling to adequately frame their side of the relevant legal issues.

Accordingly, as with Resolute, the Canadian Governments' proposed contribution in this case does not meet the definition of *amicus curiae*, and is therefore not appropriate. Certainly the court, and the agency, may have an interest in being informed of the considered opinions of our country's important trading partners, even if such opinions align with that of an advocate before the court. But where (as here) such opinions concern a specific agency practice as applied to particular factual records, they should be presented to the agency in the first instance, using the designated administrative participation procedures, in order to first build an appropriate foundation for judicial review.

## CONCLUSION

For all of the foregoing reasons, the Canadian Governments' motion to file a brief as *amicus curiae* in this action, ECF No. 48, is denied.

/s/ Donald C. Pogue
Donald C. Pogue, Senior Judge

Dated: March 14, 2016
       New York, NY